# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Charles Michael Colburn,<br><br>                Debtor. | **Case No.: CV-21-01630-PHX-SMM**<br><br>Bankr. No.: 2:21-bk-05407-MCW<br><br>BAP No. AZ-21-01185 |
| Charles Michael Colburn,<br><br>                Appellant,<br><br>vs.<br><br>David M. Reaves; MedMen Enterprises, Inc.,<br><br>                Appellees. | |

### APPELLEE MEDMEN ENTERPRISES, INC.'S
### SECOND REQUEST FOR JUDICIAL NOTICE PURSUANT TO FEDERAL RULE OF EVIDENCE RULE 201

Steven D. Jerome (#018420)
Emily Gildar Wagner (#028811)
James G. Florentine (#034058)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren St.
Phoenix, Arizona 85004-2202
Telephone:  (602) 382-6000
Facsimile:  (602) 382-6070
Email:      sjerome@swlaw.com
            ewagner@swlaw.com
            jflorentine@swlaw.com
Attorneys for MedMen Enterprises, Inc.

Appellee MedMen Enterprises, Inc. ("MedMen") respectfully requests that the Court take judicial notice of public court documents in support of *Appellee MedMen Enterprises, Inc.'s Response Brief* filed on November 2, 2021 (Dkt. No. 11).

**Brief Procedural Background**

1. On September 7, 2021, the Debtor/Appellant Charles Michael Colburn ("Colburn") filed an *Emergency Motion for Indicative Ruling Pursuant to FRBP 8008 and Motion to Stay Proceedings Pending Dismissal* seeking that: (i) if this Court remands this appeal concerning whether the underlying bankruptcy case should have been dismissed rather than converted to a Chapter 7 proceeding, the United States Bankruptcy Court for the District of Arizona ("Bankruptcy Court") will vacate the order converting the bankruptcy case to a Chapter 7 proceeding and dismiss the bankruptcy case instead, and (ii) stay the bankruptcy case in the meantime (as amended, collectively, "Motion," Bankr. Dkt. Nos. 124 and 143).

2. On September 16, 2021, MedMen filed a *Response and Objection to (I) Emergency Motion for Indicative Ruling Pursuant to FRBP 8008 and Motion to Stay Proceedings Pending Dismissal, and (II) Amendment and Supplement to Emergency Motion for Indicative Ruling Pursuant to FRBP 8008 and Motion to Stay Proceedings Pending Dismissal* ("Response," Bankr. Dkt. No. 145).

1

3. On March 1, 2022,[1] the Bankruptcy Court held a hearing on the Motion. At the hearing, after lengthy argument by both Colburn's counsel and MedMen's counsel, the Bankruptcy Court made a detailed oral ruling, denying the Motion on the merits and finding that Colburn had not met the elements for a stay pending appeal (Bankr. Dkt. No. 348).

4. On March 25, 2022, the Bankruptcy Court entered *Findings of Fact and Conclusions of Law for Order Denying Emergency Motion for Indicative Ruling Pursuant to FRBP 8008 and Motion to Stay Proceedings Pending Dismissal* ("Findings and Conclusions," Bankr. Dkt. No. 371). As the Findings and Conclusions only very recently came into existence (and could not have been included in the record before) and is highly relevant to this appeal (whether the bankruptcy case should have been, or should be, dismissed), MedMen seeks judicial notice of this document.

5. On March 25, 2022, the Bankruptcy Court also entered an *Order Denying Emergency Motion for Indicative Ruling Pursuant to FRBP 8008 and Motion to Stay Proceedings Pending Dismissal* ("Order," Bankr. Dkt. No. 373). As the Order only very recently came into existence (and could not have been

---

[1] As detailed in footnote 1 of the Findings and Conclusions (defined below), Colburn "failed to file essential case documents despite express Code and Rule requirements" and the Bankruptcy Court's orders, and the Bankruptcy Court continued the hearing on the Motion "[b]elieving that the required documents and information would soon be filed." "[E]ven though the directive to complete the requirement documents has not been fully accomplished," the Bankruptcy Court heard the Motion and ruled on it "to finally clear its docket."

included in the record before) and is highly relevant to this appeal (whether the bankruptcy case should have been, or should be, dismissed), MedMen seeks judicial notice of this document.

## Legal Basis for Requested Relief

Rule 201(b) of the Federal Rules of Evidence ("FRE") provides that a court may take judicial notice of facts "not subject to reasonable dispute because it [either]: (1) is generally known within the territorial jurisdiction of the trial court; or (2) can be accurately and readily determined [by resort to] sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). Under FRE 201, "[a] court may take judicial notice of 'matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)).

## Argument

MedMen respectfully requests that the Court take judicial notice of two documents publicly available on the CM/ECF platform from the underlying bankruptcy case. Specifically, MedMen requests that the Court take judicial notice of the below documents for the following reasons, which are attached hereto:

1. *Findings of Fact and Conclusions of Law for Order Denying Emergency Motion for Indicative Ruling Pursuant to FRBP 8008 and Motion to Stay Proceedings Pending Dismissal* entered at Bankr. Dkt.

No. 371 on March 25, 2022. This document indicates that Colburn moved the Bankruptcy Court for an indicative ruling on the issue before this Court – whether his bankruptcy case should have been (or should be) dismissed rather than converted to Chapter 7 – and after full briefing and a hearing, the Bankruptcy Court denied all of the relief requested by Colburn, as enumerated in detailed findings of fact and conclusions of law.

2. *Order Denying Emergency Motion for Indicative Ruling Pursuant to FRBP 8008 and Motion to Stay Proceedings Pending Dismissal* entered at Bankr. Dkt. No. 373 on March 25, 2022. This document also indicates that Colburn moved the Bankruptcy Court for an indicative ruling on the issue before this Court – whether his bankruptcy case should have been (or should be) dismissed rather than converted to Chapter 7 – and after full briefing and a hearing, the Bankruptcy Court denied all of the relief requested by Colburn, as formalized in a written and signed order.

## Conclusion

For the foregoing reasons, MedMen respectfully requests that the Court take judicial notice of the documents that are of public record in the bankruptcy case.

DATED this 28th day of March, 2022.

                              SNELL & WILMER L.L.P.

                 By: /s/ *Steven D. Jerome*
                      Steven D. Jerome
                      Emily Gildar Wagner
                      James G. Florentine
                      Attorneys for MedMen Enterprises, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2022, I electronically transmitted the attached *Appellee MedMen Enterprises, Inc.'s Second Request for Judicial Notice Pursuant to Federal Rule of Evidence Rule 201* to the Clerk's Office using the CM/ECF System for filing and delivery to all registered CM/ECF recipients and also sent a courtesy copy via email to the following:

Janel M. Glynn
The Burgess Law Group
3131 E. Camelback Road, Ste. 224
Phoenix, AZ 85016
janel@theburgesslawgroup.com

David M. Reaves
Reaves Law Group
2999 N. 44th Street, Ste. 515
Phoenix, AZ 85018
dreaves@reaves-law.com

I hereby further certify that on March 28, 2022, a bound copy of *Appellee MedMen Enterprises, Inc.'s Second Request for Judicial Notice Pursuant to Federal Rule of Evidence Rule 201* was hand-delivered to:

Honorable Stephen M. McNamee
United States District Court
Sandra Day O'Connor U.S. Courthouse, Ste. 423
401 W. Washington St., SPC 82
Phoenix, AZ 85003-2161

/s/ *Paula Shanahan*

4854-5336-0153

6