Steven D. Jerome (#018420)
Emily Gildar Wagner (#028811)
James G. Florentine (#034058)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren St., Ste. 1900
Phoenix, AZ 85004-2202
Telephone: (602) 382-6000
Facsimile: (602) 382-6070
Email: sjerome@swlaw.com
       ewagner@swlaw.com
       jflorentine@swlaw.com
*Attorneys for MedMen Enterprises, Inc.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | **Case No.: CV-21-01630-PHX-SMM** |
| Charles Michael Colburn, | Bankr. No.: 2:21-bk-05407-MCW |
| Debtor. | BAP No. AZ-21-01185 |
| Charles Michael Colburn, | **APPELLEE MEDMEN ENTERPRISES, INC.'S REPLY IN SUPPORT OF SECOND REQUEST FOR JUDICIAL NOTICE PURSUANT TO FEDERAL RULE OF EVIDENCE RULE 201** |
| Appellant, | |
| vs. | |
| David M. Reaves; MedMen Enterprises, Inc., | |
| Appellees. | |

Appellee MedMen Enterprises, Inc. ("MedMen") hereby replies ("Reply") in support of *Appellee MedMen Enterprises, Inc.'s Reply in Support of Second Request for Judicial Notice Pursuant to Federal Rule of Evidence Rule 201* ("Request," Dkt. No. 15), seeking judicial notice of two relevant and publicly available rulings from the underlying bankruptcy proceeding: (i) the *Findings of Fact and Conclusions of Law for Order Denying Emergency Motion for Indicative Ruling Pursuant to FRBP 8008 and Motion to Stay Proceedings Pending Dismissal* ("Findings and Conclusions," Bankr. Dkt. No. 371), and (ii) the *Order Denying Emergency Motion for Indicative Ruling Pursuant to FRBP 8008 and Motion to Stay Proceedings Pending Dismissal* ("Order," Bankr. Dkt. No. 373).

In *Appellant Charles Michael Colburn's Objection to MedMen Enterprises, Inc.'s Second Request for Judicial Notice Pursuant to Federal Rule of Evidence Rule 201* ("Objection," Dkt. No. 16), Appellant Charles Michael Colburn ("Colburn" or "Debtor") argues in the same breath that the Findings and Conclusions and Order are both allegedly "not relevant to the issues on appeal," but also contain disputed "issues of law which are squarely before the Court on appeal."  Objection, pp. 1-2.  Not only is it inconsistent for Colburn to argue that the Findings and Conclusions and Order are both irrelevant to this appeal and yet squarely address the issues on appeal, the Findings and Conclusions and Order are highly relevant to this appeal as they go to the heart of the matter appealed – whether the Bankruptcy Court (defined below) correctly ruled that Colburn failed to invoke the right to dismiss his bankruptcy proceeding under 11 U.S.C. § 1307(b).  While Colburn attempts to rely on Fed. R. Bankr. P. 8008(b) as a basis for his assertion that the Court should decline to take judicial notice, when this rule is examined, it becomes clear that it does not preclude this Court from taking judicial notice at all.  Further, the issues MedMen seeks judicial notice of are not in dispute as they have already been fully adjudicated.  Accordingly, this Court should take judicial notice of the Findings and Conclusions and Order.

## LEGAL ARGUMENT

### I.    The Findings and Conclusions and Order Are Highly Relevant to This Appeal

According to Colburn's own description, this appeal involves two issues: (i) whether "the Bankruptcy Court erred when it converted the Debtor's Bankruptcy Case from a case under Chapter 13 to a case under Chapter 7 instead of granting the Debtor's request for dismissal," and (ii) whether "the Bankruptcy Court erred when it concluded that cause existed to convert the Debtor's Bankruptcy Case under Bankruptcy Code § 1307(c) on the record before it and without an evidentiary hearing."  Objection, p. 2 (citing *Appellant Charles Michael Colburn's Opening Brief on Appeal*, Dkt. No. 8, p. 1).

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

Notwithstanding the pending appeal, on September 7, 2021, Colburn filed a motion in the United States Bankruptcy Court for the District of Arizona ("Bankruptcy Court") requesting that "if [the Bankruptcy Court] had jurisdiction to hear and determine the Debtor's motion for reconsideration of [the Bankruptcy Court's order converting the bankruptcy proceeding to Chapter 7], the [Bankruptcy] Court would vacate its Conversion Order and dismiss the Debtor's" bankruptcy proceeding in light of *In re Nichols*, 10 F.4th 956 (9th Cir. 2021).  Bankr. Dkt. Nos. 124 and 143.  After full briefing and a hearing, the Bankruptcy Court denied the request and entered the Findings and Conclusions and Order. Bankr. Dkt. Nos. 145, 348, 371, 373.

In the Findings and Conclusions, the Bankruptcy Court determined that Colburn failed to move to dismiss his bankruptcy proceeding under 11 U.S.C. § 1307(b), as he moved neither in writing nor orally for dismissal under that statute, thus rendering *In re Nichols* inapplicable:

> 5.    [Colburn's objection to MedMen's motion to convert] did not cite to 11 U.S.C. § 1307(b) or request with particularity dismissal of this case pursuant to 11 U.S.C. § 1307(b).
>
> . . .
>
> 8.    Debtor's counsel did not cite to 11 U.S.C. § 1307(b) in either [Colburn's objection to MedMen's motion to convert] or at the [hearing on MedMen's motion to convert], and based on the context of the papers and the statements of counsel at that time, the sole issue being argued was conversion or dismissal under 11 U.S.C. § 1307(c).
>
> 9.    Debtor's counsel did not make an oral motion to dismiss this case at the [hearing on MedMen's motion convert] based on a theory not previously identified in [Colburn's objection to MedMen's motion to convert], or otherwise indicate that he was making an argument based on anything other than 11 U.S.C. § 1307(c).
>
> 10.    As the Bankruptcy Appellate Panel of the Ninth Circuit has recently found, a motion to dismiss must be properly brought to the court for it to consider the motion, and even with a dismissal under 11 U.S.C. § 1307(b), the "absolute right" to dismiss a Chapter 13 case does not mean that the court cannot impose a remedy of dismissing the case with prejudice.  *In re Duran*, 630 B.R. 797, 811, 814 (9th Cir. BAP 2021) (It is required for a movant, even the debtor, when filing a motion to dismiss under § 1307 to follow the proper procedural steps

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

under Bankruptcy Rule 1017(f) in order for the issue to be squarely before the court, otherwise "argumentative fulminations [by either creditors or the debtor], without making a procedurally correct motion, are no more than invitations to the court to act sua sponte."). In this case, the Debtor did not even get to the point of an argumentative fulmination concerning an assertion of a dismissal "as of right" under the Code. The Debtor did not say he would file a motion to dismiss as of right under § 1307(b) in the future, or otherwise attempt to invoke subsection (b) at the oral argument. Instead, in the context of making arguments under subsection (c), the Debtor's counsel stated if the Court decided there was cause to convert or dismiss, the Court should dismiss this case. A critically important distinction is that under subsection (b) of 1307, cause is not a required element, and the Court does not make a decision to either convert or dismiss.

12.    Unlike the debtor in *In re Nichols*, 10 F.4th 956 (9th Cir. 2021), before the Court entered the Conversion Order, the Debtor here did not either make an oral motion to dismiss this bankruptcy case under 11 U.S.C. § 1307(b), or file a motion to dismiss the bankruptcy case under 11 U.S.C. § 1307(b).

. . .

**BASED ON THE FOREGOING, THE COURT HEREBY CONCLUDES** that:

1.    The Debtor did not make a motion to dismiss this bankruptcy case under 11 U.S.C. § 1307(b) as required under Federal Bankruptcy Rule of Procedure 1017(f)(2) before the Court entered the Conversion Order.

2.    The Debtor did not invoke his right to dismiss this bankruptcy case under 11 U.S.C. § 1307(b), either in writing or orally, before the Court entered the Conversion Order.

Bankr. Dkt. No. 371.

These Findings and Conclusions are directly relevant to the issues on appeal. For Colburn to argue otherwise is frankly disingenuous. However, this Court is not bound by the Findings and Conclusions or Order, and MedMen is not suggesting otherwise. MedMen seeks nothing more than this Court taking judicial notice of the Findings and Conclusions and Order.

/ / /

/ / /

/ / /

## II.     Fed. R. Bankr. P. Rule 8008(b) in No Way Precludes MedMen from Requesting Judicial Notice

In the Objection, Colburn argues that MedMen was not required to seek judicial notice of the Findings and Conclusions and Order pursuant to Fed. R. Bankr. P. 8008(b) because notice to this Court is only required if the Bankruptcy Court granted Colburn's motion or determined it raised a substantial issue. Objection, p. 3. But this misses the point. Fed. R. Bankr. P. 8008 in no way prohibits MedMen from seeking judicial notice of the Bankruptcy Court's denial of Colburn's motion. It only dictates when a party is *obligated* to notify this Court. Colburn's citation to Fed. R. Bankr. P. 8008(b) is nothing more than a red herring and has no bearing on whether this Court may take judicial notice of the Findings and Conclusions and Order.

## III.     There Is No Dispute as the Bankruptcy Court Has Already Entered Its Ruling

Colburn argues in the Objection that this Court should not take judicial notice of the Findings and Conclusions and Order because "the substantive findings and conclusions of the [Findings and Conclusions and Order] are disputed by the parties and the Debtor may appeal the . . . Order, as the deadline for filing a notice of appeal has not yet expired, and also because these findings and conclusions are also the subject of this pending Appeal." Objection, p. 3.

However, Colburn ignores that the Bankruptcy Court has already adjudicated that Colburn failed to invoke his right to dismiss his bankruptcy proceeding under 11 U.S.C. § 1307(b). While Colburn may still have the right to try to appeal the Order (MedMen will not take a position here whether the Order is appealable or not), the fact remains that the issues have been adjudicated by the Bankruptcy Court and are no longer disputed issues.

Moreover, to the extent Colburn argues that the Request is in any way untimely, MedMen moved as swiftly as possible in filing the Request, within four days of entry of the Findings and Conclusions and Order. As this Court has not yet entered a decision upon the briefing, there is still ample time to take judicial notice of the Findings and Conclusions and Order

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

1

## <u>CONCLUSION</u>

2

For the foregoing reasons, MedMen respectfully requests that the Court grant the

3 Request, deny the Objection, and take judicial notice of both the Findings and Conclusions

4 and Order.

5

DATED this 7th day of April, 2022.

6

SNELL & WILMER L.L.P

7

8

By: */s/ Emily Gildar Wagner*
9
Steven D. Jerome
Emily Gildar Wagner
10
James G. Florentine
One Arizona Center
11
400 E. Van Buren St., Ste. 1900
Phoenix, AZ  85004-2202
12
*Attorneys for MedMen Enterprises, Inc.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2022, I electronically transmitted the attached *Appellee MedMen Enterprises, Inc.'s Reply in Support of Second Request for Judicial Notice Pursuant to Federal Rule of Evidence Rule 201* to the Clerk's Office using the CM/ECF System for filing and delivery to all registered CM/ECF recipients and also sent a courtesy copy via email to the following:

Janel M. Glynn
The Burgess Law Group
3131 E. Camelback Road, Ste. 224
Phoenix, AZ 85016
janel@theburgesslawgroup.com

David M. Reaves
Reaves Law Group
2999 N. 44th Street, Ste. 515
Phoenix, AZ 85018
dreaves@reaves-law.com

I hereby further certify that on April 7, 2022, a bound copy of *Appellee MedMen Enterprises, Inc.'s Reply in Support of Second Request for Judicial Notice Pursuant to Federal Rule of Evidence Rule 201* was hand-delivered to:

Honorable Stephen M. McNamee
United States District Court
Sandra Day O'Connor U.S. Courthouse, Ste. 423
401 W. Washington St., SPC 82
Phoenix, AZ 85003-2161

/s/ *Paula Shanahan*

4882-5754-8826

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000