**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Michael Colburn, | No. CV-21-01630-PHX-SMM |
| Appellant, | BK NO. 2:21-bk-05407-MCW |
| v. | **ORDER** |
| David M Reaves, et al., | |
| Appellees. | |

Appellant/Debtor Charles Michael Colburn appeals an Order from the United States Bankruptcy Court granting a Motion to Convert, filed by Appellee Medmen Enterprises, Inc. The appeal is fully briefed. (Docs. 8, 11, 14). For the reasons set forth below, the Court affirms the Bankruptcy Court's decision.

**I.     BACKGROUND**

Prepetition, Colburn and Medmen engaged in a business deal that resulted in a lawsuit in a state court. (Doc. 9-14). As part of the lawsuit, the parties argued, and still argue, about whether Colburn owes Medmen $10.3 million in surplus sale proceeds. (Doc. 8). However, the trial court agreed with Medmen and directed Colburn to pay the $10.3 million. (Doc. 9-6). Later, the appellate court found that the award was not a final judgment. (Doc. 9-16).

During a hearing on April 9, 2021, the trial court found that Colburn and his business partner "as a matter of law [were] dissipating assets." (Doc. 9-8, at 79). The trial court then ordered Colburn to post a bond by April 26, 2021. Id. at 84. Subsequently, on June 17,

2021, the trial court ordered Colburn to deposit the money into the court registry within five days. (Doc. 9-14, at 10). The funds were not deposited. (Doc. 9-17). The trial court set a contempt hearing for July 13, 2021 to determine the sanctions to be imposed on Colburn. (Doc. 9-14, at 10).

On the morning of the contempt hearing, Colburn filed a pro se petition for a Chapter 13 bankruptcy. (Doc. 9-1). Colburn then obtained counsel, Kenneth Neely, who filed a notice of appearance on July 19, 2021. (Doc. 9-5). The following day, Medmen filed an Emergency Motion to Convert Case to Chapter 7 Proceeding, arguing that the Chapter 13 case should be converted because Colburn filed the petition in bad faith. (Doc. 9-6). Medmen also filed a Motion to Accelerate, requesting expedited briefing and an expedited hearing. (Doc. 9-11).

In the filings, the parties raised facts and issues regarding the state court litigation. Additionally, at multiple points in the Objection to Emergency Motion to Convert, Colburn asked for the case to be dismissed instead of converted if the Bankruptcy Court finds that it cannot proceed under Chapter 13. (Doc. 9-14, at 15-16 ("Dismissal rather than conversion would be the appropriate course of action if the Court found that cause exists to convert or dismiss."; "If Debtor is not provided the opportunity to file his schedules and propose a plan, Debtor requests that this Court dismiss the case instead."; and "If this Court does not permit Debtor's case to proceed under Chapter 13 of the Bankruptcy Code, then this Court should simply dismiss the case.")).

On July 30, 2021, the Bankruptcy Court held an expedited hearing on the Conversion Motion. (Doc. 9-20). Again, at the hearing, Colburn's counsel stated that "if [the case] can't [proceed], then it needs to be dismissed, not converted." Id. at 26.

After the parties made their remarks, the Bankruptcy Court noted that it must look to the totality of the circumstances to determine whether conversion is warranted and acknowledged that there was no schedules and statements nor a Chapter 13 plan to review because the debtor had not filed them. Id. at 41. The Bankruptcy Court then discussed other circumstances in the case:

> I'm also concerned with the actions that were taken before this case was filed, the fact that MedMen was entitled to $10 million, which was apparently transferred and dissipated by Colburn and DeSantis as determined by the State court judge. I'm also aware that the trial that was to take place on the day of the filing was not just a simple evidentiary hearing, but it was one on sanctions for contempt of court.

Id. at 41-42. The Bankruptcy Court found that cause was established to convert or dismiss the case under § 1307 (c). Id. at 42. The Bankruptcy Court also decided that converting the case was in the best interests of the creditors "given the significant sums of money" in play. Id. After the hearing, the Bankruptcy Court issued a formal order converting the case to a Chapter 7 proceeding. (Doc. 9-19). Colburn timely appealed on August 20, 2021. (Doc. 1).

**II.  REQUESTS FOR JUDICIAL NOTICE**

While this appeal was pending, Medmen files two Requests for Judicial Notice. (Docs. 13, 15). In both of these Requests, Medmen asks the Court to take notice of documents from the underlying bankruptcy proceeding. The Court declines to rule on either request because it did not rely on any of these documents in making its decision.

**III.  STANDARD OF REVIEW**

A bankruptcy court's decision to convert a case is reviewed for abuse of discretion. Rosson v. Fitzgerald (In re Rosson), 545 F.3d 764, 771 (9th Cir. 2008). In determining whether the bankruptcy court abused its discretion, courts first review "de novo whether the bankruptcy court identified the correct legal rule to apply to the relief requested." USAA Fed. Sav. Bank v. Thacker (In re Taylor), 599 F.3d 880, 887 (9th Cir. 2010) (quoting United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009)). Then, if it did, courts ask whether the bankruptcy court's "application of the correct legal standard to the facts was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." Id. (quoting Hinkson, 585 F.3d at 1262).

**IV.  DISCUSSION**

Colburn appeals from the Bankruptcy Court's conversion order. The first issue before this Court is whether the Bankruptcy Court, in the face of requests for dismissal

after a motion to convert was filed, in which § 1307(b) was not cited or referenced, should have dismissed the case. The second issue is whether the Bankruptcy Court abused its discretion by converting the matter under § 1307(c) to a Chapter 7. The third issue is whether the Bankruptcy Court denied Colburn a fair opportunity to be heard.

### A. Invoking § 1307(b)

Colburn argues that the Bankruptcy should have dismissed the case under 11 U.S.C. § 1307(b) because he requested dismissal within the meaning of § 1307(b) when requesting dismissal in the written objection to the conversion motion and orally at the conversion hearing. Medmen argues that Colburn did not move for dismissal under § 1307(b) and did not follow necessary procedural rules.

Colburn argues that a recent Ninth Circuit case, Nichols v. Marana Stockyard & Livestock Mkt., Inc. (In re Nichols), 10 F.4th 956 (9th Cir. 2021), resolves the issue. In Nichols, a creditor moved for conversion under § 1307(c) after the debtors failed to complete steps required by the Bankruptcy Code. Id. at 958. After the bankruptcy court postponed entering the conversion order, the debtors filed for dismissal under § 1307(b). Id. at 959. The bankruptcy court then denied the debtors motion to dismiss, finding that it could deny dismissal because the bad faith exception applied. Id. The Bankruptcy Appellate Panel affirmed the order. Id. However, the Ninth Circuit reversed, finding that, after a recent Supreme Court decision, the bad faith exception does not apply to dismissal requests made under § 1307(b). Id. at 963. Ultimately, the Ninth Circuit held that "§ 1307(b)'s text confers upon the debtor an absolute right to dismiss a Chapter 13 bankruptcy case, subject to the [previous conversion] exception noted expressly in the statute itself." Id. at 964.

However, unlike the current matter, the debtors in Nichols filed a written motion with the court, expressly requesting dismissal under § 1307(b). The Nichols court did not address how to invoke § 1307(b); it discussed what must be done after a dismissal request under § 1307(b) is before a bankruptcy court. Thus, the Nichols court did not decide a threshold question at issue here—that is, whether dismissal under § 1307(b) is before a

bankruptcy court.

A dismissal request under § 1307(b) is before a bankruptcy court if procedural rules are followed. See In re Duran v. Rojas, 630 B.R. 797, 811 (9th Cir. BAP 2021) ("Rule 1017(f)(2) directs that a debtor who wishes to exercise the § 1307(b) 'right' to dismiss a chapter 13 case must proceed by motion filed and served as required by Rule 9013." (citing Fed. R. Bankr. P. 1017(f)(2)). Pursuant to Bankruptcy Rule 1017(f)(2), "[c]onversion or dismissal under . . . § 1307(b) shall be on motion filed and served as required by Rule 9013." Rule 9013 provides that "[a] request for an order, except when an application is authorized by the rules, shall be by written motion, unless made during a hearing." If a motion is written, Rule 9013 requires the motion be served. Rule 9013 also requires that motions must "state with particularity the grounds" that dismissal is sought.

Medmen argues that Colburn's request for dismissal did not comport with Rule 9013's particularity requirement. The Court agrees. First, Colburn did not reference the statute or state that he was requesting a voluntary dismissal. If Colburn intended to request dismissal under § 1307(b), the grounds should have been made clear to the Bankruptcy Court.

Additionally, even aside from Colburn's failure to cite to § 1307(b) or state that he was requesting a voluntary dismissal, given the context of the requests—first, made in a written objection to a motion under § 1307(c) and second, made during an oral argument on the same motion—and the subject matter discussed during the requests, it is logical that the Bankruptcy Court considered Colburn's request for dismissal under § 1307(c). Colburn does not point to, nor does the Court find, anything in the record that sufficiently indicates that Colburn requested dismissal under § 1307(b). And even if Colburn indeed intended to request dismissal under § 1307(b), a court cannot be expected to read minds, and a court cannot rule on an issue when the court does not know what the issue is. See United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam) ("Judges are not like pigs, hunting for truffles buried in briefs.").

Medmen also argues that Colburn failed to move for dismissal under § 1307(b)

because the request was not written or served and was not accompanied by a memorandum. However, because the Court has found that Colburn did not make a procedurally correct motion because the request for dismissal did not meet Rule 9013's particularity requirement, Court will not address these issues.

Thus, for the reasons above, the Court finds that the Bankruptcy Court correctly considered Colburn's request for dismissal under § 1307(c).

### B.    Conversion Under § 1307(c)

Colburn next argues that the Bankruptcy Court abused its discretion by converting the case to a Chapter 7 proceeding. Pursuant to § 1307(c), a bankruptcy "court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause." When evaluating a § 1307(c) motion, bankruptcy courts engage in a two-step analysis. Nelson v. Meyer (In re Nelson), 343 B.R. 671, 675 (9th Cir BAP 2006). First, courts look to whether there is "cause." Id. Second, courts must decide "between conversion and dismissal based on the 'best interests of the creditors and the estate.'" Nelson, 343 B.R. at 675 (citing Ho v. Dowell, 274 B.R. 867, 877 (9th Cir. BAP 2002)).

Section 1307(c) lists eleven non-exclusive grounds that can constitute cause, including "failure to file a plan." Cause also exists where a bankruptcy petition was filed in bad faith. Eisen v. Curry (In re Eisen), 14 F.3d 469, 470 (9th Cir. 1994). To determine whether there is bad faith, a bankruptcy court evaluates the totality of the circumstances, and considers multiple factors:

> (1) whether the debtor misrepresented facts in his petition or plan, unfairly manipulated the Bankruptcy Code, or otherwise filed his Chapter 13 petition or plan in an inequitable manner;
>
> (2) the debtor's history of filings and dismissals;
>
> (3) whether the debtor only intended to defeat state court litigation; and
>
> (4) whether egregious behavior is present.

HSBC Bank USA, N.A. v. Blendheim (In re Blendheim), 803 F.3d 477, 499 (9th Cir. 2015) (quoting Leavitt v. Soto (In re Leavitt), 171 F.3d 1219, 1224 (9th Cir. 1999)).

To determine whether debtors intended to defeat state court litigation, courts consider the timing of the bankruptcy filing. See, e.g., Khan v. Barton (In re Khan), 846 F.3d 1058, 1066 (9th Cir. 2017) (finding conversion was justified in part because of the "highly suspect timing" of the filings).

Here, Colburn filed for bankruptcy on the morning of a state court proceeding where sanctions against him were to be discussed. See, e.g., Eisen, 14 F.3d at 470-71 (finding that a debtor only intended to defeat state court litigation where the petition was filed on the eve of trial in a state action). Colburn also failed to submit his schedules and statements, or his plan within the fourteen days post-petition allowed by Rule 3015(b). See Ellsworth v. Lifescape Med. Assocs., P.C. (In re Ellsworth), 455 B.R. 904, 916 (9th Cir. BAP 2011). Having reviewed the record, the Court finds that the Bankruptcy Court's finding of cause was supported.

The Court also finds that the Bankruptcy Court did not abuse its discretion by converting instead of dismissing the case. The Bankruptcy Court found that conversion was in the best interest of the creditors due to the large amount of money at issue. Though the state court's order requiring Colburn to pay $10.3 million to Medmen is not a final judgment, it is still an order from a court, and the Bankruptcy Court did not err in factoring the $10.3 million into its best interests analysis. Additionally, the record contains evidence of Colburn's attempt to frustrate creditors, which can further indicate conversion was more appropriate than dismissal.

### C. Evidentiary Hearing and Fair Opportunity

Colburn also claims that the Bankruptcy Court made its decision without providing him with a "fair opportunity to present his defense" and without providing an evidentiary hearing. Pursuant to Rule 9014, "reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought."

As an initial matter, Colburn did not request an evidentiary hearing in the Bankruptcy Court. Because this issue was not before the Bankruptcy Court, it cannot be brought up on appeal. See Team Spirit Am., LLC v. Kriegman (In re LLS Am., LLC), 2012

Bankr. LEXIS 2603, at *27 (9th Cir. BAP 2012) ("By not making a request for an evidentiary hearing on the Substantive Consolidation Motion, as other parties had done, [the debtor] waived its right to complain about the lack of an evidentiary hearing.").

Next, the Court finds that Colburn was given a fair opportunity to present his defense. Due process requires "notice reasonably calculated, under all the circumstances, to appraise interested parties of the pendency of the action and afford them an opportunity to present their objections." Walthall v. United States, 131 F.3d 1289, 1294 (9th Cir. 1997) (quoting Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950)).

Here, Colburn had ten days to prepare for the hearing. See, e.g., Knedlik v. Spark Networks Ltd. (In re Knedlik), 2008 Bankr. LEXIS 4670, at *20 (9th Cir. BAP, June 30, 2008) (finding that ten days were sufficient for pro se, repeat filers to prepare for an emergency hearing on a motion to dismiss and automatic stay). Additionally, Colburn responded to the motion and appeared at the hearing. See Buchakian v. Musikahn Corp., 69 B.R. 55, 56 (E.D.N.Y. 1986) (finding that a creditor was not deprived of opportunity to be heard when the creditor responded to a motion and appeared at the hearing, despite the debtor's failure to serve the motion to give ten days' notice as required by local rule). Though the matter was complicated due to the state court litigation and counsel's recent appearance in the matter, Colburn's state court counsel was available at the hearing and therefore involved with the bankruptcy case. Thus, though the hearing and motion practice took place on an expedited basis, it did not rise to the level of a denial of opportunity to be heard.

## V. CONCLUSION

Accordingly,

**IT IS ORDERED affirming** the Bankruptcy Court's Order in favor of Appellees. (Doc. 1).

**IT IS FURTHER ORDERED** that the Clerk of Court shall forward a copy of this Order to the Chambers of U.S. Bankruptcy Judge Madeleine C. Wanslee, U.S. Bankruptcy Court for the District of Arizona, 230 N. First Avenue, Phoenix, AZ 85003.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall terminate and remand this case to the Bankruptcy Court.

Dated this 29th day of August, 2022.

_____
Honorable Stephen M. McNamee
Senior United States District Judge